RENDERED:  AUGUST 7, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0726-MR

ROBERT HUDSON						APPELLANT


APPEAL FROM MEADE CIRCUIT COURT
v.		HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 22-CR-00051


COMMONWEALTH OF KENTUCKY						APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON,  A. JONES, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE:  Robert Paul Hudson, Jr. ("Hudson") appeals from an order of the Meade Circuit Court revoking his probation after finding that he violated the conditions of his supervision by failing to make court-ordered child support payments.  Hudson does not dispute that he failed to comply with this condition of probation.  Instead, he argues that the circuit court erred in revoking his probation because the Commonwealth failed to establish the statutory prerequisites for

revocation under KRS[1] 439.3106. Because the record supports the circuit court's findings that Hudson's noncompliance constituted a significant risk to his prior victims and that he could not be appropriately managed in the community, we affirm.

## I. BACKGROUND

On April 11, 2022, a Meade County Grand Jury returned an indictment charging that on or about March 31, 2022, Hudson committed the offense of Flagrant Non-Support in violation of KRS 530.050(2),[2] by failing to provide child support for his three minor children as ordered by the Meade Circuit

---

[1] Kentucky Revised Statutes.

[2] In relevant part, the statute provides:

> A person is guilty of flagrant nonsupport when he or she persistently fails to provide support which he or she can reasonably provide and which the person knows he or she has a duty to provide by virtue of a court or administrative order to a minor, a child adjudged mentally disabled, an indigent spouse, or indigent parent, and the failure results in:
>
> (a) An arrearage of not less than two thousand five hundred dollars ($2,500); or
>
> (b) Six (6) consecutive months without payment of support; or
>
> (c) The dependent having been placed in destitute circumstances. For the purposes of this paragraph, it shall be prima facie evidence that a dependent has been placed in destitute circumstances if the dependent is a recipient of public assistance as defined in KRS 205.010.

*Id.* Flagrant nonsupport is a Class D felony. KRS 530.050(6).

Court in civil action number 2017-CI-00165.[3]  The indictment alleged that

Hudson's failure to pay child support had resulted in an arrearage of $10,346.67 as

of March 31, 2022.

On July 12, 2024, the circuit court accepted Hudson's guilty plea.

The circuit court ultimately sentenced Hudson to a two-year term of imprisonment,

probated for five years.[4]  As conditions of probation, Hudson was required to

commit no new criminal offenses, maintain suitable employment, and pay $330.04

per month in current child support together with an additional $156.10 per month

toward his existing child support arrearage.

On December 20, 2024, the Commonwealth moved to revoke

Hudson's probation, alleging that he had failed to comply with the child-support

condition of his probation.  In support of the motion, the Commonwealth filed the

affidavit of Bridget Love, an employee with the Division of Child Support, who

stated that Hudson had made only one payment of $63.56 during his probationary

period and that his child support arrearage had increased to $20,162.73.

---

[3] As part of that circuit court action, effective December 12, 2018, Hudson was ordered to pay child support of $330.04 per month.

[4] Hudson was originally sentenced to ten years' imprisonment, probated for five years.  Later, however, the circuit court entered an amended judgment *nunc pro tunc* correcting Hudson's sentence to two years' imprisonment, probated for five years, consistent with the parties' plea agreement.  Hudson does not challenge the amended judgment, and it has no bearing on the issues presented in this appeal.

The circuit court appointed counsel to assist Hudson and scheduled a revocation hearing. Both Love and Hudson testified at the May 8, 2025, hearing. Love testified that Hudson had made only one partial payment while on probation and that his arrearage had grown to $21,812.93. Hudson acknowledged that he had failed to make the required payments. He testified, however, that he had been hospitalized for much of January 2025 due to a severe *Clostridioides difficile* infection and thereafter entered an inpatient alcohol rehabilitation program, which he successfully completed. Shortly after completion of that program, he was arrested and taken into custody pending the revocation hearing.

He explained that he was never able to make his child support payments because repeated hospitalizations had prevented him from maintaining steady employment. However, he asserted that he had secured employment at Chipotle, a local fast-food restaurant, and that he could begin that employment when he was released from custody. He admitted, however, that despite his expressed financial difficulties, he lived with his fiancée, paid rent, and had a cell phone. Hudson also testified that he did not have a relationship with the three minor children at issue, and he offered to relinquish his parental rights to them.

At the conclusion of the hearing, the circuit court made oral findings on the record. The court found that Hudson had violated the conditions of his probation by failing to pay child support, and it doubted that Hudson could ever

-4-

satisfy his substantial arrearage. It further observed that Hudson's offer to relinquish his parental rights, while beneficial to him, would do nothing to assist his children, who were placed in danger by Hudson's failure to support them. The court also noted that, in addition to failing to pay child support, Hudson had failed to appear at several court hearings despite being ordered to do so. In light of these facts, the court determined Hudson's failure to comply with the conditions of supervision constituted a significant risk to prior victims or the community at large and that he could not be appropriately managed in the community. Accordingly, the circuit court revoked Hudson's probation. This appeal followed.

## II. STANDARD OF REVIEW

We review the circuit court's probation revocation decision under the deferential abuse-of-discretion standard. *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009); *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023). "An abuse of discretion occurs when a 'trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Young v. Commonwealth*, 718 S.W.3d 698, 709 (Ky. 2025) (quoting *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)). As applied in the context of probation revocation, "we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure v.*

*Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)).

### III. ANALYSIS

Hudson contends that the circuit court abused its discretion by revoking his probation because the Commonwealth failed to establish the statutory prerequisites for revocation under KRS 439.3106. Specifically, he argues the evidence was insufficient to support the circuit court's findings that his noncompliance constituted a significant risk to his prior victims or the community at large and that he could not be appropriately managed in the community.[5] The Commonwealth responds that the circuit court made the findings required by KRS 439.3106 and that those findings are supported by substantial evidence in the record. We agree with the Commonwealth.

Before the expiration of a defendant's probation, "[t]he court may summon the defendant to appear before it or may issue a warrant for his arrest upon a finding of probable cause to believe that he has failed to comply with a condition of the sentence[.]" KRS 533.050(1)(a). A defendant charged with a

---

[5] Because Hudson's probation was revoked for failing to pay court-ordered child support, additional due process considerations may apply. *See Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011). Hudson, however, does not argue that the circuit court failed to comply with *Marshall* or otherwise challenge the revocation on that basis. Instead, he confines his argument on appeal to whether the circuit court satisfied the requirements of KRS 439.3106. Accordingly, we address only the issue presented. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) ("It is not our function as an appellate court to research and construct a party's legal arguments, and we decline to do so here.").

probation violation is entitled to written notice of the grounds for revocation or modification, representation by counsel, and a hearing on the charge. KRS 533.050(2). *See also Gagnon v. Scarpelli*, 411 U.S. 778, 786-87, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973). "[T]he standard for revocation of probation is proof, by a preponderance of the evidence, that a violation has occurred." *Hunt v. Commonwealth*, 326 S.W.3d 437, 439 (Ky. 2010).

Following a hearing, a defendant found to have violated probation is subject to "two possible outcomes: revocation and possible incarceration, KRS 439.3106(1), or the imposition of sanctions 'other than revocation,' KRS 439.3106(2)." *Commonwealth v. Andrews*, 448 S.W.3d 773, 777 (Ky. 2014). "[I]ncarceration for failure to comply with the conditions of supervision" is an available option when the defendant's noncompliance "constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]" KRS 439.3106(1)(a). Proper considerations in making these determinations include, but are not limited to, the nature of the violation and the defendant's prior criminal history. *Andrews*, 448 S.W.3d at 780-81. We may affirm a revocation order so long as the court "makes the mandatory statutory findings, even in a cursory manner, and those findings are supported by a preponderance of record evidence on appeal." *Nantz v. Commonwealth*, 728 S.W.3d 804, 812 (Ky. App. 2026).

Hudson first argues that the circuit court merely recited the language of KRS 439.3106 without making findings sufficient to support revocation. Although the written revocation order closely tracks the statutory language, the circuit court also made oral findings at the conclusion of the revocation hearing. Among other things, the court observed that Hudson had made virtually no effort to comply with his child support obligation while on probation, expressed doubt that he would ever satisfy his substantial arrearage, and found it particularly troubling that Hudson offered to relinquish his parental rights rather than fulfill his legal obligation to support his children. The court also noted Hudson's repeated failures to appear for scheduled court proceedings despite having been ordered to do so. These findings adequately explain the circuit court's reasoning and satisfy the requirements of KRS 439.3106.

Hudson next contends that the Commonwealth failed to establish that his noncompliance constituted a significant risk to his prior victims or the community at large. Hudson was convicted of flagrant nonsupport after persistently failing to satisfy his court-ordered child support obligation. As a condition of probation, he was required to remain current on his monthly child support obligation while also making monthly payments toward his existing arrearage. Nevertheless, during approximately nine months of probation, Hudson made only one partial payment of $63.56, and his arrearage continued to increase.

At the revocation hearing, Hudson acknowledged that he had no relationship with the children and offered to relinquish his parental rights. The circuit court reasonably concluded that relieving Hudson of his parental responsibilities would benefit only Hudson and would do nothing to provide for the children's ongoing support.

Kentucky law places the duty to support one's children on the parent—not the Commonwealth. *C.A.W. v. Cabinet for Health & Family Services*, 391 S.W.3d 400, 406 (Ky. App. 2013). Under these circumstances, the circuit court did not abuse its discretion in determining that Hudson's continued failure to satisfy his child support obligations posed a significant risk to the victims of his underlying offense, his three minor children. *See Embry v. Commonwealth*, 561 S.W.3d 360, 363 (Ky. App. 2018) (upholding the lower court's conclusion that the probationer's failure to pay child support placed his children and the Commonwealth at risk of harm).

Likewise, substantial evidence supports the circuit court's determination that Hudson could not be appropriately managed in the community. Hudson testified that repeated hospitalizations, a serious illness, and his participation in an inpatient alcohol rehabilitation program prevented him from maintaining steady employment and making his required child support payments. The circuit court considered that testimony but was not required to accept

Hudson's explanation as persuasive. Rather, it was entitled to weigh Hudson's testimony against the remaining evidence, including his minimal compliance with the conditions of probation, his repeated failures to appear for court proceedings, and his expressed willingness to relinquish his parental rights rather than continue supporting his children. Although Hudson also testified that he had secured prospective employment and intended to begin making payments upon his release, the circuit court was not required to credit that testimony. Questions concerning the credibility of witnesses and the weight to be afforded the evidence are matters committed to the sound discretion of the trial court. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

In sum, the circuit court made the findings required by KRS 439.3106, and those findings are supported by a preponderance of the evidence. Because the circuit court's decision falls within the range of permissible outcomes supported by the record, we discern no abuse of discretion in revoking Hudson's probation.

## IV. CONCLUSION

For the foregoing reasons, the order of the Meade Circuit Court revoking Hudson's probation is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky